Zane L. Christensen (14614)
SIEGFRIED & JENSEN
5664 South Green Street
Murray, Utah 84123
Telephone: (801)266-0999
Facsimile: (801)266-1338
zane@sjatty.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JASON ROBERTSON, an individual<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | **COMPLAINT**<br><br>Case No<br><br>Judge: |

Plaintiff, Jason Robertson, by and through counsel of record, hereby complains against Defendant, and alleges and seeks relief as follows:

### PARTIES

1. Jason Robertson ("Plaintiff") is a resident of Salt Lake County, State of Utah.

2. The United States of America is the Defendant within this action ("Defendant")

1

## JURISDICTION

3. This case involves an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and interest.

4. This action arises under the Federal Torts Claims Act, 28 U.S.C., Sections 1346(b) and 2671-2680, and this court has original jurisdiction over the proceeding against the Defendant, USA.

5. This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. §1332(a)(1) as well as pursuant to 39 U.S.C. §409(a).

6. Plaintiff suffered injuries and damages as a result of the negligence of Serenia Heddlesten, an employee of the United States Government, while said employee was acting within the course and scope of her employment.

7. The USA, if a private person, would be liable to plaintiff in accordance with the laws of the doctrine of *respondeat superior* and other applicable law.

8. The United States of America is the proper defendant pursuant to 28 U.S.C. Sections 2674 and 2679.

9. Service of Process may be perfected by serving a copy of the complaint and summons to the United States Attorney for the District of Utah, Honorable Andrea T. Martinez and forwarding a copy of the same by certified mail, return receipt requested, to the Office of the Attorney General of the United States, Hon. Merrick B. Garland. Service is made on defendant, United States of America, pursuant to Rule 4(i)91) of the Federal Rules of Civil Procedure.

## VENUE

10. Plaintiff, Jason Robertson, is a citizen and resident of Salt Lake City, Salt Lake County, in the District of Utah, and at all times relevant herein resided and continues to reside in said judicial district, and the acts and omissions complained of herein occurred in said judicial district.

11. Venue is proper in the District of Utah pursuant to 28 U.S.C. Section 1402(b).

12. Venue is further proper because the matter giving rise to this action occurred in Salt Lake County, Utah, which is within said division.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

14. On July 27, 2020 at approximately 12:45 p.m., Plaintiff was driving a blue 2013 Ram 1500 westbound on 7000 South in West Jordan, Utah.

15. At the same time, Serenia Heddlesten was acting within the scope of her employment as a United States Postal Carrier for the United States Postal Service. The United States Postal Service is an agency of the defendant, United States of America.

16. At the said time and place Jason Robertson was driving in his vehicle westbound on 7000 South, Serenia Heddlesten, while acting within the course and scope of her employment as an employee of the United States Postal Service was attempting to make a left turn out of 2980 West to head eastbound on 7000 South, in West Jordan, Utah.

17. Plaintiff's vehicle was struck on the passenger side by the vehicle driven by Serenia Heddlesten, while acting within the course and scope of her employment as an employee of the United States Postal Service.

18. The vehicle driven by Serenia Heddlesten did not have right of way at the intersection.

19. Plaintiff's vehicle sustained significant property damage to the passenger side of the vehicle.

20. Upon information and belief, Serenia Heddlesten was within the course and scope of her employment with the United States Postal Service at the time of the accident.

21. As a result of this accident, Plaintiff sustained damages, economic and non-economic, from this collision.

## FIRST CAUSE OF ACTION
**(Negligence and/or Recklessness)**

22. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

23. At the date and time of this collision, Defendant United States of America, by and through its employee, agent and servant, Serenia Heddlesten, failed to exercise ordinary care and otherwise violated its statutory and common law duties to plaintiff as described herein, and its negligence and its negligence per se was a substantial factor in causing plaintiff's personal injuries and damages.

24. As a direct and proximate result of the negligent and careless conduct of the USA, by and through its employee, agent and servant, Serenia Heddlesten, and without any negligence on the part of plaintiff, the plaintiff sustained severe and permanent injuries, impairment of bodily functions, and has been caused to incur healthcare expenses, and he will be caused to incur healthcare expenses in the future, he has suffered an increased likelihood of and susceptibility to injury and disease, he has been deprived of his enjoyment of life, he has suffered permanent injury, he has suffered pain, suffering, mental anguish and inconvenience and will be caused to endure pain and suffering and mental anguish in the future.

## **PROCEDURAL HISTORY**

25. On April 26, 2021, the plaintiff filed his Standard Form 95 Claim for Damage Injury, or Death, with the United States Postal Service pursuant to the provisions of the Federal Torts Claims Act, 28 U.S.C., Sections 1346(b) and 2671- 2680. The Postal Service acknowledged receipt of the plaintiff's claim on June 21, 2021. True and correct copies of the plaintiff's SF 95 and the Postal Service's acknowledgement are attached hereto as exhibits and incorporated herein by reference.

26. As of the date of this Complaint, more than six months have passed since the filing of the Plaintiff's claim and the Postal Service has not provided any notice of final denial.

27. Plaintiff has complied with all administrative requirements to assert this action, and all administrative remedies have been exhausted.

28.     In compliance with 28 U.S.C. Section 2401, plaintiff brings his cause of action herein against the United States of America more than six months after filing notice of the claim to the appropriate Federal agency within six (6) months.

## DAMAGES

29.     Plaintiff Jason Robertson incorporates by reference all preceding paragraphs as if set forth fully herein.

30.     As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered serious and permanent injuries, including substantial pain and anguish.

31.     As a further direct and proximate result of the negligent and careless acts of Defendant, it was necessary for Plaintiff to seek medical care and treatment.

32.     As a further direct and proximate result of the negligent and careless acts of Defendant, Plaintiff has been injured severely. Plaintiff has suffered and will suffer the following additional damages:

   a. Past medicals in the amount of $36,647.80 and future damages for cost of medical treatment and health care due to his injuries;

   b. Past and future damages for impaired earnings, lost wages, if any, and past and future damages for disfigurement, impairment of bodily function, and pain and mental anguish suffered; and

   c. Past and future damages if any, for compensated and gratuitous care services, including attendant care, nursing care, therapy, and other care and assistance, and for the payment of medical expenses rendered to and/or paid on behalf of

    Plaintiff by other persons and entities. The amount of said special damages shall be the subject of proof at trial.

  d. General damages, including but not limited to damages for Plaintiff's pain and suffering (both mental and physical), alterations in Plaintiff's lifestyle, and disfigurement in an amount no less than $300,000.

## **PRAYER**

WHEREFORE, Plaintiffs Jason Robertson prays for a judgement against Defendant as follows:

1. for special damages in an amount to be proven at trial, but no less than $36,647.80;
2. for general damages in an amount to be proven at trial, but no less than $300,000;
3. for any other further legal and/or equitable relief deemed just and proper by the court, including, but not limited to, attorney's fee, costs, interest, and other damages.

  DATED this 31st day of January, 2022.

          By: /s/ Zane L. Christensen
             Zane L. Christensen
             Attorney for Plaintiff